(Judge Cox, of the First Circuit, taking the place of Judge Stewart.)

HORN v. CITY OF COLUMBUS ET AL.

1. ASSESSMENTS PAYABLE TO CONTRACTOR SHOULD BE ASSIGNED TO HIM.

When, in improving a street, the council has determined, under Rev. Stat , section 2303, pt. 7, that the contract price shall be paid *in assessments*, the contractor, on the completion of the work, and its acceptance by the city, is entitled to have the same assigned to him.

2. REMEDY OF CONTRACTOR TO COLLECT SUCH ASSESSMENTS

Such assessments are the individual property of the contractor, and neither he, nor the city, has a right to have them placed on the tax duplicate for collection. The only remedy given the *contractor* by the statute is, that "suits to recover or enforce such assessments may be brought in the name of the corporation."

APPEAL from the Court of Common Pleas of Franklin county.

Cox, J.

This case is heard (together with five others) for an injunction to prevent the treasurer of Franklin county from collecting on the tax duplicate, assessments made for resurfacing, patching and repairing Town street in the city of Columbus. The plaintiff alleges a great many errors in the proceedings of council in the passage of the ordinance, in the publication, and in the making of the contracts, many of which are unnecessary to decide here. The petition avers, and the answer admits, that the contractor was to receive in payment for work and material the assessment on the property, and admits that the assessment was in accordance with the contract, turned over to him, the contractor, and the city council certified the assessment to the county auditor to have the same put on the tax duplicate, and it was so put on the duplicate, but denies that such action in putting the same on the tax duplicate was illegal. It is admitted the Columbus Paving Company expressly agreed that the city council shall not in any event be liable to the party of the second part for any work or expenses of the work or materials furnished under the contract, except for so much as is provided in the ordinance under which it was done, but that said cost and expense should be collected by said party of the second part from the property owners in accordance with the provisions of said ordinance, and that the party of the second part agreed to release said city council from all liability, and should rely

only upon such assessment; that on the 11th day of November, 1881, after the passage of the ordinance of assessment, the city delivered to the contractor, the Columbus Paving Co., the assessment sheet for said improvement, and thereupon the said paving company executed a receipt for said assessment, and a release to the city from all liability to pay the cost and expenses of such improvement, or any part thereof, and delivered the same to the said city. After this receipt was delivered the assessment was turned over to the city auditor— by the city council—and placed upon the duplicate to be collected from the abutting property as provided in sections 2295 and 2296, Rev. Stat.

It is claimed on the part of the plaintiff that this action was illegal; that the city having turned over the assessment to the contractor, and the contractor having receipted in full satisfaction of his claim against the city, it then became the private property of the contractor and could not be put upon the duplicate to be collected by the public officers as a public tax. The statute, section 2303, pt. 7, authorizes the council to pay the contractor in the assessment, and when such contract is made, the contractor becomes the equitable owner of the assessment as soon as the work is done and accepted by the city, and is entitled to have the same turned over to him for collection, and he may take steps to collect it, either by receiving it personally from the lot owner or by suit in the name of the corporation. The city, therefore, has no control over the assessment when the work is accepted, except to turn it over to the contractor. It is true the statute, section 2295, Revised Statute, gives authority to the city to order the assessment to be certified to the auditor and placed on the tax duplicate for collection with ten per cent. penalty as other taxes, but this can only be done while the city is the owner of the assessment and entitled to receive the money therefor. This is apparent from section 2296, Revised Statute, which provides that when assessments are collected by the county treasurer, they shall be by him paid over to the city treasurer, and be applied by the council only to the purposes of the improvement for which they were made. The collection of this assessment by the county treasurer would involve two conditions which the statute never contemplated; first, to make the officer the agent of the contractor to collect his individual debt; second, to put into the city treasury money belonging to the contractor, until such time as the city council should proceed by ordinance to direct it to be paid to the person to whom it belonged. The statute giving the city authority to pay in assessments, goes no further than to afford the contractor, as a remedy, the right to use the name of the corporation in enforcing the collection. It is unnecessary to pass on any of the other questions raised, as the assessment being illegally on the tax duplicate, cannot be collected by the treasurer, and the injunction will therefore be made perpetual.

Lorenzo English, for plaintiff.

W. O. Henderson and A. A. Krum, for Columbus Paving Co., and James Caren, for the city.